## H. D. 'KNIGHT V. PHILIP DOLINSKI ET AL.

Decided December 22, 1910.

**1.—Agency—Sufficiency of Evidence.**

On the issue whether the vendor, who sold the property at an advance on what he paid, made the original purchase as agent merely, and was, for that reason, not entitled to profit on conveying to his principal, the fact that the latter refused to take a conveyance direct from the original seller, insisting on the other taking title and conveying to him with warranty, was sufficient to raise an issue of fact as to whether or not such original purchase was made merely as agent.

**2.—Same—Case Distinguished.**

This case distinguished, on the evidence, from that presented on a former appeal in Dolinski v. First Natl. Bank of Pittsburg, 122 S. W., 276.

Appeal from the District Court of Camp County. Tried below before Hon. R. W. Simpson.

*Warren & Briggs,* for appellant.

*Sam D. Snodgrass,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This is the second time this controversy has been before this court. The first appeal is reported as

Dolinski et al. v. The First National Bank of Pittsburg et al., 122 S. W., 276, and we refer to that case for a statement of the nature of the suit and of the material issues involved. On the former appeal the judgment of the District Court was affirmed as to Knight, who was then one of the defendants, and was reversed and remanded as to his codefendants, the appellees here. It appears from the record before us that after the affirmance of that judgment Knight discharged his liability to the bank by paying to it the amount of the debt sued for, and acquired ownership of the note. He thereafter amended his original answer and assumed the attitude of the real plaintiff toward the remaining parties, and upon the second trial asked for a judgment in his favor. The cause was again tried upon practically the same issues as those presented on the former appeal. At the conclusion of the evidence the trial judge instructed a verdict in favor of appellees, the defendants in the suit. The giving of that instruction is the only error assigned on this appeal. The court was evidently prompted by the conclusion that the evidence did not warrant the submission of any of the issues of fact to the jury. The defense was practically the same as that urged upon the former trial, and the evidence was in many respects but a substantial reiteration of the former testimony.

One of the defenses relied upon was the right to the allowance of an offset of $800 against the debt claimed. This was urged upon the ground that Knight by deception induced the appellees to execute the note sued on for that amount in excess of what the consideration should have been. The rights of the parties as to this issue depend upon whether Knight in purchasing the timber on 515 acres of land from one Brown acted for himself, or as the agent of Dolinski and his associates. Knight admits that he paid Brown $5000 for the timber, and sold it to the appellees for $5800. Appellees contend that Knight acted as their representative in making the purchase, and that they should have had the timber at the price which he paid. On the former appeal this court, in an opinion rendered by Chief Justice Willson, held that under the evidence as it then appeared in the record the trial court should have instructed a finding in favor of the present appellees upon that issue. We were of the opinion that according to Knight's own version it was the intention of all the parties that he should make the purchase for the appellees as their representative, and that they were entitled to the property at the price he paid. It is contended by counsel for appellees that there is no material difference between the evidence in that record and the present one upon that issue. But we think there is, and that the difference made an issue of fact which should have been submitted to the jury. In referring to what he stated to the appellees about the price he was to pay, Knight testified: "I told them I expected they had better tell me what they wanted me to give for it (the land)— or something to that effect; that possibly I might give more than they would want to give, *and I would have this mill left on my hands."*

Again, he says, referring to the time when the transfer of the title was to be made: "Dolinski kinder looked after that part of it. . . ·

When they went to make the transfer something was said about Brown making the transfer to them, or whether it should be made to me. I asked the question, whether Brown should make this transfer direct to them. Dolinski said no; he wanted me to make a warranty deed to the property. *He said he bought it from me and wanted me to warrant the title."* The portions appearing in italics were not in the record on the previous appeal. If these statements are true we can not say there was no evidence to support Knight's contention that he acted for himself alone in dealing with Brown, and therefore was not bound to account to appellees for the timber at the price paid by him. If it be true that a warranty of the title was exacted from him, that exaction is wholly inconsistent with the existence of any merely fiduciary relations between him and the appellees. These statements would tend to show that they were dealing with him as the vendor who should stand between them and the possible failure of the title, and not as their representative for the transfer of title.

We express no opinion regarding the remaining issues made by the pleadings, in view of the fact that upon another trial the evidence may be different, and it is not necessary to a disposition of the case that we should.

For the error discussed the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*